IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOE NEWTON                                                                                           PETITIONER

v.                                    NO. 5:09CV00055 HDY

LARRY NORRIS, Director of the                                                            RESPONDENT
Arkansas Department of Correction

## ORDER

Petitioner Joe Newton ("Newton") has filed the pending motion for a certificate of appealability pursuant to 28 U.S.C. 2253(c).  See Document 13.[1]  For the reason that follows, the motion is denied.

---

[1]

28 U.S.C. 2253(c) provides the following:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

    (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), the United States Supreme Court articulated the following standard for reviewing a request for a certificate of appealability:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy [section] 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

<u>See</u> also <u>Khaimov v. Christ</u>, 2002 WL 1677677 (8th Cir. July 25, 2002).[2]

The record reflects that Newton raised two Fourth Amendment claims in his petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. The Court found that the claims were not cognizable in this proceeding in accordance with <u>Stone v. Powell</u>, 428 U.S. 465 (1976). As a result, his petition was dismissed with prejudice.

---

[2] "[W]hen a claim is denied on procedural grounds, our reading of <u>Slack</u> is that: 1) if the claim is clearly procedurally defaulted, the certificate [of appealability] should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate [of appealability] should not be issued; but 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate [of appealability] should be granted." <u>See</u> <u>Id</u>. at 4.

The Court has thoroughly reviewed the motion at bar.  Assuming Newton's claims were dismissed on the merits, he has not shown that reasonable jurists would find the assessment of his constitutional claims debatable or wrong.[3]  Assuming they were dismissed on a procedural ground, he has not shown that jurists of reason would find it debatable whether the petition stated valid claims of the denial of constitutional rights and that jurists of reason would find it debatable whether the Court was correct in its procedural rulings.  The Court therefore finds that Newton's motion for a certificate of appealability should be, and is, denied.

IT IS SO ORDERED this ___29___ day of June, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court need not determine whether the dismissal of Newton's claims in accordance with <u>Stone v. Powell</u> was a dismissal on the merits or a dismissal on a procedural ground.  The result is the same under either analysis.